IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00222-RJC
(3:05-cr-00227-RJC)

| | |
|---|---|
| AVERY SHANDEL JAMES, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of the Respondent's motion to stay the disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). Petitioner does not oppose an order staying this case.

On September 25, 2006, Petitioner was sentenced to a term of life imprisonment based on convictions for, among others, conspiracy, bank robbery, armed bank robbery and aiding and abetting the same, and his judgment was affirmed on appeal. In his § 2255 motion, Petitioner contends that he is no longer subject to a life term for violation of the three-strikes law under 18 U.S.C. § 3559(c), and that he no longer qualifies as a career offender. Petitioner relies on the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), in which the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that it was unconstitutionally vague.[1]

Respondent moves to stay this collateral proceeding until the Fourth Circuit issues its mandates in the cases of United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-

---

[1] The residual clause of the ACCA provides, in pertinent part, that a "violent felony" is a crime that "involves conduct that presents a serious risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

1

4640, in which the Court will examine whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional based on the Johnson decision. Both of these cases are tentatively scheduled for oral argument in October.

The Court finds that because the issues involved in the Ali and Simms case are likely relevant to resolution of Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 4), and Respondent shall have 45-days after the mandates issue in United States v. Ali and United States v. Simms to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge