UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-222-RJC
(3:05-cr-227-RJC-DCK-1)

| | |
|---|---|
| AVERY SHANDEL JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, (Doc. No. 1). See also (Doc. No. 7) (Supplement to § 2255 Motion). The Government has filed a Motion to Dismiss James's Successive Motion to Vacate, (Doc. No. 9).

This case is Petitioner's third post-conviction challenge to his life sentence.[1] See 3:09-cv-344, 3:12-cv-735. Petitioner argues that the three strikes law (18 U.S.C. § 3559(c)) and U.S. Sentencing Guidelines' career offender enhancement run afoul of Johnson v. United States, 135 S.Ct. 2551 (2015). He seeks full resentencing.

This case was held in abeyance for several years pursuant to United States v. Ali, 15-4433, and United States v. Simms, 15-4640. (Doc. No. 5). The stay was lifted after the United States Supreme Court decided Sessions v. Dimaya, 138 S.Ct. 1204 (2018). (Doc. No. 8).

Petitioner filed a Supplement to his § 2255 petition based on Dimaya and the Government filed a Motion to Dismiss, (Doc. No. 9), arguing that Petitioner has failed to satisfy the

---

[1] The Fourth Circuit granted Petitioner authorization to file a second or successive motion to vacate pursuant to 28 U.S.C. §§ 2244 and 2255(h). (Doc. No. 2).

1

requirements of § 2255(h). Petitioner conceded that his career offender Johnson challenge does not survive Beckles v. United States, 137 S.Ct. 886 (2017), but argued that the instant § 2255 petition is not successive and that resentencing should be granted. (Doc. No. 12).

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Nakell v. Attn'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Jud'l Cir. Court of Ky., 410 U.S. 484, 494–95 (1973). An incarcerated convict's or parolee's challenge to the validity of his conviction always satisfies the case or controversy requirement, but, once a convict's sentence has expired, some collateral consequence of the conviction must exist if the suit is to be maintained. Spencer v. Kemna, 523 U.S. 1, 7–8 (1998).

Petitioner's case is moot because the Court has already found that he does not qualify for the § 3559 enhancement, vacated his sentence, and granted him resentencing in case number 3:12-cv-735. As Petitioner has received the very relief he has requested in the instant case – full resentencing – his § 2255 Motion to Vacate is moot because no live case or controversy exists. See United States v. Surratt, 855 F.3d 218 (4th Cir. 2017) (dismissing § 2255 appeal because petitioner received a presidential commutation of his life sentence in which he received the relief he was seeking and more).

### III. CONCLUSION

For the foregoing reasons, the instant § 2255 Motion to Vacate is dismissed as moot and

Respondent's Motion to Dismiss is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** as moot.

2. Respondent's Motion to Dismiss James's Successive Motion to Vacate, (Doc. No. 9), is **DENIED** as moot.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 9, 2019

Robert J. Conrad, Jr.
United States District Judge